UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDDIE TARAFA,

                        Plaintiff,

        v.                                   9:17-CV-0320
                                                         (BKS/DJS)

MIKE WALKER; et al.,

                        Defendants.

---

APPEARANCES:

EDDIE TARAFA
08-A-0632
Plaintiff, pro se
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Plaintiff Eddie Tarafa filed his pro se complaint in this action in March 2017 seeking to assert claims arising out of disciplinary proceedings conducted at Shawangunk Correctional Facility ("Shawangunk C.F.") in May 2014. *See* Dkt. No. 1 ("Compl.").

In a Decision and Order filed May 24, 2017, this Court granted plaintiff's in forma pauperis application and reviewed the sufficiency of his claims in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 7 ("May Order"). On the basis of that review, and for the reasons stated in the May Order, the Court concluded that the complaint failed to state one or more claims for the violation of plaintiff's constitutional rights cognizable under

Section 1983. *Id*. at 19. As a result, the complaint was dismissed and plaintiff was afforded the opportunity to submit an amended complaint if he wished to avoid dismissal of this action. *Id*.

Plaintiff duly filed an amended complaint, which is before the Court for review. *See* Dkt. No. 10 ("Am. Compl.").

## II.     DISCUSSION

Upon review of the amended complaint, the Court finds that the factual allegations regarding the incident which occurred while plaintiff was participating in a visit with his wife and daughter in accordance with the Family Reunion Program ("FRP"), and which gave rise to the issuance of an inmate misbehavior report ("IMR") by Sgt. Malloy, a Tier III disciplinary proceeding conducted by Hearing Officer Walker, and the termination of plaintiff's participation in the FRP, are essentially the same as those set forth in the original complaint. *Compare* Compl. at 5, 11-33 *with* Am. Compl. at 4, 11-28.[1] As alleged, on approximately May 20, 2014, Sgt. Malloy terminated plaintiff's visit, placed him on keeplock status, and issued an IMR charging plaintiff with several rule violations. Am. Compl. at 12.[2] Hearing Officer Walker conducted a Tier III disciplinary hearing. *Id*. at 13. The assistance rendered by plaintiff's employee assistant – Sgt. Harrison – was ineffective.[3] At the hearing, Hearing

---

[1] As in the May Order, defendants Malloy and Walker are identified in this Decision and Order as "Sgt." Malloy and "Hearing Officer" Walker, rather than by their current ranks of Lieutenant and Deputy Superintendent of Administration, respectively. *See* May Order at 4 n.3.

[2] The IMR charged plaintiff with violating Rule 113.15 (Unauthorized Exchange) and Rule 180.13 (Violating FRP Guidelines), and was issued after inmate Ramos was allegedly observed exiting plaintiff's trailer. Plaintiff contends that Ramos never entered his trailer but, rather, handed a piece of cheesecake to plaintiff's wife "at the front door in the porch area of the trailer" and then returned to his own trailer. Am. Compl. at 11.

[3] Sgt. Harrison was not named as a defendant in the original complaint, but is in the amended complaint. *See* Am. Compl. at 1-2.

Officer Walker denied plaintiff's request to call one of his witnesses, denied him access to video of the FRP area, and was not fair and impartial.  *Id*. at 5, 13-26, 30-31.[4]  Hearing Officer Walker found plaintiff guilty of misbehavior and sanctioned him with thirty days pre-hearing keeplock confinement, and sixty days keeplock confinement and loss of packages, commissary, phone, special events, and honor visiting privileges; the post-hearing sanctions were suspended and deferred for 180 days.  *Id*. at 28; *see* Dkt. No. 10-1 at 106 (Supt. Hearing Disposition).  As he did in the original complaint, plaintiff alleges in the amended complaint that the sanctions imposed by Hearing Officer Walker included "one (1) year lost of FRP privileges."  Am. Compl. at 28.

In August 2015, during the pendency of his state court proceeding pursuant to New York CPLR Article 78, plaintiff was notified that the Tier III proceeding had been reversed and expunged from his record.  *Id*. at 30, 32; *see* Dkt. No. 10-1 at 109 (Review of Supt.'s hearing), 111 (Expungement Notice).[5]

Based upon the foregoing, plaintiff claims (as he did in his original complaint) that he was denied procedural due process at the disciplinary hearing in violation of his rights protected under the Fourteenth Amendment.  More specifically, plaintiff claims that the evidence presented at the disciplinary hearing was "constitutionally inadequate"; Sgt. Harrison (plaintiff's employee assistant) and Hearing Officer Walker improperly denied plaintiff to access to the "FRP video recording"; and Hearing Officer Walker imposed

---

[4] Plaintiff also contends that the hearing transcript was tampered with and, as a result, does not provide a complete record of the proceedings.  Am. Compl. at 30-31.

[5] Notwithstanding the administrative reversal of the disciplinary findings, plaintiff was not readmitted to the FRP until November 2015.  *See* Compl. at 33; Am. Compl. at 48.

sanctions on him which gave rise to a protected liberty interest. Am. Compl. at 5, 33-54.[6]

As discussed in the May Order, in order to state a cognizable claim for the denial of procedural due process at a disciplinary hearing, a plaintiff must allege facts which plausibly suggest that he enjoyed a protected liberty interest in being free from the sanctions imposed and that he was not afforded the procedural protections to which he was entitled. *See* May Order at 9-10. Having concluded that the facts alleged in the original complaint were not sufficient to plausibly suggest that plaintiff enjoyed a protected liberty interest in the challenged disciplinary proceeding, *see* May Order at 11, the Court must consider whether he has cured that pleading deficiency in the amended complaint.[7]

As noted above, there are no significant pleading differences between the original complaint and the amended complaint with respect to this claim. As he did in his original complaint, plaintiff asserts that his removal from the FRP "was a disciplinary sanction imposed by Hearing Officer Walker." Am. Compl. at 29, 48. Plaintiff points to the fact that he was found guilty of violating FRP rules, and that the Disposition Sheet includes a handwritten entry under the heading "C. Special Instructions on Correspondence Restrictions and Referrals": "FOM 3.501 Family Reunion Program Page 5 Section J1." *Id*. at 48; Exs. at 107. Based upon these assertions, and relying on the decision in *Palmer v. Richards*, 364 F.3d 60 (2d Cir. 2004), plaintiff contends that his thirty (30) days keeplock confinement and

---

[6] Plaintiff's original complaint was construed to assert the following additional constitutional claims: (1) the IMR issued by Sgt. Malloy was false and unsubstantiated; (2) plaintiff was improperly excluded from the FRP; and (3) plaintiff was falsely imprisoned and maliciously prosecuted; several state law claims were also asserted. *See* May Order at 6 & n.10. These claims are not reasserted in the amended complaint. The amended complaint also makes reference to the "FOIL Officer," however, this individual is not named as a defendant.

[7] As with the original complaint, the facts alleged in the amended complaint are sufficient to plausibly suggest that plaintiff was denied procedural due process protections by Hearing Officer Walker. In addition, plaintiff has plausibly suggested that the assistance rendered by Sgt. Harrison was constitutionally "inadequate."

4

the loss of "family reunion program privileges" amounted to an "atypical and significant hardship" within the meaning of *Sandin*.  Am. Compl. at 52-53.[8]

Upon review and with due regard for plaintiff's status as a pro se litigant, the Court finds that the well-pleaded facts do not plausibly suggest that plaintiff's removal from the FRP was a disciplinary sanction imposed by Hearing Officer Walker at the conclusion of the hearing.  The hearing disposition sheet lists the sanctions imposed; plaintiff's eligibility for the FRP (or any other program) is not listed.  This conclusion is entirely consistent with plaintiff's acknowledgment that "as an apparent consequence of his confinement in keep-lock, the prison terminated plaintiff participation in the [FRP], through which he had enjoyed extended visit with his wife and children in a trailer outside the prison cell blocks."  Am. Compl. at 47.[9]

The Court also finds that plaintiff's removal from the FRP is not constitutionally significant for purposes of *Sandin* and that his reliance on *Palmer v. Richards* is misplaced. In *Palmer*, the plaintiff was found guilty of misconduct and sanctioned with 90 days confinement in SHU and loss of privileges, of which he served 77 days.  *Palmer*, 364 F.3d at 62.  "[A]s an apparent consequence of his confinement in SHU, the prison terminated Palmer's participation in the [FRP]."  *Id*. at 62-63.  Palmer brought a Section 1983 action claiming that he was denied due process at his disciplinary hearing.  The district court denied

---

[8] In essence, plaintiff asks the Court to reconsider the ruling made in the May Order regarding the sufficiency of his due process claim.  Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  A motion to reconsider "is not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).

[9] The fact that plaintiff understood his participation in the FRP to be a privilege distinct from the disciplinary proceeding is also apparent from the fact that plaintiff appealed his removal from the FRP not as part of his disciplinary appeal but by request to Cheryl Morris, Director of Ministerial, Family, and Volunteer Services. *See* Dkt. No. 10-1 at 116.  On September 30, 2014, more than one year before the disciplinary determination was reversed, Director Morris denied plaintiff's appeal regarding his "application to participate" in the FRP.  *Id*.

5

the defendant's motion for summary judgment on the basis of qualified immunity, and an appeal was taken to the Second Circuit. *Id*. at 63. In addressing the threshold issue of whether plaintiff had demonstrated the required "liberty interest," the Second Circuit concluded that although the duration of Palmer's confinement (77 days) "was not long enough to constitute an atypical and significant deprivation by itself," Palmer had alleged facts regarding the conditions of that SHU confinement which were sufficient to preclude the grant of summary judgment. *Id*. at 66.[10] Significantly, however, the Second Circuit stated as follows:

> there is no liberty interest in participating in the Family Reunion Program. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *Hernandez v. Coughlin*, 18 F.3d 133, 136–38 (2d Cir. 1994). For this reason, Palmer's exclusion therefrom has no bearing on whether he was entitled to procedural due process under *Sandin*.

*Palmer*, 364 F.3d at 64 n.2. Here, plaintiff's thirty days of confinement on keeplock status does not itself give rise to a protected liberty interest for purposes of the Fourteenth Amendment. In addition, as the Second Circuit made clear in *Palmer*, his removal from the FRP as a consequence of the determinations made at the disciplinary hearing is not constitutionally significant for purposes of his procedural due process claim.

Upon review, and with due regard for plaintiff's status as a pro se litigant, the Court finds that the amended complaint does not allege facts sufficient to plausibly suggest that plaintiff enjoyed a protected liberty interest in the challenged disciplinary proceeding. As a

---

[10] Palmer alleged that he was deprived of his property (including personal clothing, grooming equipment, hygienic products and materials, reading materials, writing materials, school books, personal food and vitamin supplements, family pictures as well as personal correspondences), mechanically restrained whenever he was under escort, and "out of communication from his family." *Palmer*, 364 F.3d at 66.

result, and for the reasons set forth in the May Order, this action is dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 10) fails to state a claim for the violation of plaintiff's constitutional rights upon which this Court may grant relief and this action is therefore **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated:  December 18, 2017
        Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge